**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

KEVIN McWILLIAMS

        **Petitioner,**

v.

JENNIFER SAAD,

        **Respondent.**

Civil Action No.: 3:18-CV-127
(GROH)

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On August 10, 2018, Petitioner, an inmate incarcerated at FCI Gilmer, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, and a memorandum in support thereof. ECF Nos. 1, 1-1.[1] On December 14, 2018, the Respondent filed a motion to dismiss or, alternatively, for summary judgment, and memorandum in support thereof with exhibits attached thereto. ECF Nos. 17, 17-1, 17-2 through 17-3. Following issuance of a Roseboro notice on December 17, 2018, Petitioner filed a response on January 10, 2019. ECF No. 22.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:18-CV-127, unless otherwise noted.

## II.   FACTUAL AND PROCEDURAL HISTORY[2]

### A.   Conviction and Sentence

On August 21, 2013, Petitioner was indicted in the Southern District of Indiana, Indianapolis Division, in case number 1:13-CR-175.  ECF No. 8.  On May 11, 2015, the original indictment was filed in case number 1:14-CR-85 in the Northern District of Illinois.  Id.   On June 29, 2015, Petitioner entered his plea of guilty pursuant to a written plea agreement to Count 1 of the indictment, which charged the offense of unlawful possession of a firearm by a felon.  ECF Nos. 18, 19.

On October 2, 2014, Petitioner was indicted in a single count indictment in the Northern District of Illinois, in case number 1:14-CR-504, with being a felon in possession of a firearm in violation of 18 U.S.C. § 922, and that the offense was committed while Petitioner was on release pursuant to 18 U.S.C. § 207, in violation of 18 U.S.C. § 3147. 1:14-CR-504, ECF No. 11.  On June 29, 2015, Petitioner entered his change of plea to the indictment in 1:14-CR-504, pursuant to a written plea agreement.  1:14-CR-504, ECF Nos. 33, 34.

On November 28, 2016, Petitioner was sentenced to a total term of 120 months for his convictions for 14-CR-85 and 14-CR-504.  According to the judgment:

> The structure of the sentence is 96 months of imprisonment each on the counts of conviction to run concurrent with each other and then a 24-month sentence under 18 U.S.C. 3147 to run consecutive with the 96-month terms, for a total term of imprisonment of 120 months.

---

[2] Throughout Section II.A., all ECF numbers refer to entries in the docket of Criminal Action No. 1:14-CR-85 from the Northern District of Illinois, unless otherwise noted.  Unless otherwise noted, the ECF entries in this section refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

ECF No. 42 at 2.

### B.     Prison Disciplinary Proceedings

On August 26, 2017, while Petitioner was incarcerated at FCI Gilmer, in Glenville, West Virginia, he was charged in an incident report with stealing and being unsanitary, in violation of Prohibited Act Codes §§ 219, 316.  ECF No. 17-3 at 12.  On that date, cook supervisor Felix Aviles reported that:

> At 7:30 am on August 26, 2017 I observed Inmate Kevin [ ] McWilliams [ ] reach over the food service serving line and steal a Danish during the breakfast meal.  Inmate McWilliams displayed an unsanitary act by possibly contaminating other foods that were being served this day.  I ordered Inmate McWilliams to give the Danish back and for his ID card, which he did comply.

Id.  When asked by the Unit Disciplinary Committee ("UDC") about the incident, Petitioner said "I didn't reach over anything.  I was handed the Danish by the ford service worker.  They can review the video".  Id.  The UDC referred the matter to a Discipline Hearing Officer ("DHO") for "greater sanctions".  Id.

On August 29, 2017, a "Notice of Discipline Hearing Before the (DHO)" ("the Notice") was issued to Petitioner, who signed and dated the document on that date.  ECF No. 17-3 at 10.  The Notice indicated that Petitioner waived his right to have a staff representative at the hearing.  Id.  The Notice further indicated that Petitioner wished to call witnesses, specifically Bradley Hardy, whom Petitioner claimed would testify he handed the danish to Petitioner.  Id.  On the same date the Notice was issued, August 29, 2017, Petitioner also received and acknowledged receipt of "Inmate Rights at Discipline Hearing" notice.  Id. at 8.

The DHO hearing was held on September 12, 2017, by DHO M. Gyurke, whose

Discipline Hearing Officer Report was issued November 8, 2017. Id. at 15 – 17. The DHO Report summarized Petitioner's statement, "No, I didn't steal it. It was handed to me by inmate Hardy." Id. at 15. The DHO found that Petitioner committed the act of stealing, Code 219, as charged, and stated that he attempted to view the video footage of the incident, "but was informed in an email dated September 8, 2017 from SIS Technician B. Kinder that the video footage of the incident was unavailable due to the footage only being saved until August 30, 2017." Id. Further, the DHO included the following specific evidence relied on to support his findings:

> Cook Supervisor Aviles is clear in his eyewitness account of the incident that he observed you reach over the food service serving line and removed a danish. The DHO finds no obvious reason of the staff member to fabricate this incident report and believes the staff members' observation was made strictly in the performance of his duties. Furthermore, the reporting officer is under a legal obligation to report truthful and accurate facts, whereas, you had much to lose by accepting responsibility or being truthful in this matter and the DHO believes that you are denying your role in this incident in an effort to avoid being sanctioned for your actions.

ECF No. 17-3 at 16. The DHO further explained that, "[t]he DHO considered the statement of your witness; however, greater weight was placed on the staff members' account. . ." Id. As a result of this finding, the DHO imposed a sanction of disallowance of 27 days of Good Conduct Time ("GCT"). Id. at 17.

    **C.    Instant § 2241 Petition**

In the Petition, Petitioner asserts that BOP violated his due process rights "by destroying video evidence before the disciplinary hearing process was completed." ECF No. 1 at 5. Petitioner argued that the video evidence "would have shown that . . . [Petitioner] did not 'steal' but was given the item by a fellow inmate," and that "the entire

Incident Report was falsified." ECF No. 1-1 at 2. Petitioner further asserts that the denial of his appeal was "in complete error". ECF No. 1 at 6. Petitioner claimed that the destruction of video evidence was against BOP policy, and appears to claim[3] that the destruction of such evidence is prima facie proof of a violation of his due process rights. ECF No. 1-1.

Petitioner asserts that he has administratively exhausted his claims. Id. at 9. Petitioner requests that the Court expunge the incident report. ECF No. 1 at 8. Petitioner further requests the restoration of his 27 days of Good Conduct Time which was disallowed by the DHO as a result of the disciplinary proceedings, and "to be credited 496 Trulincs to compensate the 60 days of being denied use of MP3 player". Id.

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines

---

[3] In his memorandum, Petitioner states that, "the evidence that would have proved his 'innocence' was destroyed AGAINST F.B.O.P [p]olicy. Therefore, if the actions taken by D.H.O. was contradictory to the F.B.O.P. Policy, how could, by Administrations Admittance, could there be ANY compliance to secure the Due Process Rights of the Petitioner when they were so willfully violated?" ECF No. 1-1 at 3.

5

v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method to challenge a due process violation as part of a prison disciplinary hearing. Burgess v. Dunbar, 628 Fed. Appx. 175 (4th Cir. 2015). An inmate who is subject to a disciplinary conviction which

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

results in a loss of good-conduct credit is entitled to the following for the minimum requirements of procedural due process:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;

4. if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case, permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a sufficiently competent inmate designated by staff; and

5. providing impartial factfinders.

Wolf v. McDonnell, 418 U.S. 539, at 564-566, 570-571; Burgess, 628 Fed. Appx. at 176 (quoting Wolff).

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has

8


acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some

metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party

opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

### IV.   ANALYSIS

Petitioner contends that his due process rights were violated during the prison disciplinary proceedings held on September 12, 2017.  ECF Nos. 1 1-1.  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;

4. if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case, permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a sufficiently competent inmate designated by staff; and

5. providing impartial factfinders.

Id. at 564-566, 570-571.

In the present case, the Court finds that Petitioner was provided all the due process required for a disciplinary proceeding for several reasons. First, Petitioner received notice of the disciplinary hearing on August 29, 2017, more than 14 days before the hearing was held. ECF No. 17-3 at 10. Additionally, Petitioner was given notice of the charge on August 27, 2017, when he was provided a copy of the incident report by D. Bishoff. Id. at 12. Second, the DHO Report includes several paragraphs which explain the specific evidence relied on to support the findings, including statements of staff members and the statement of Petitioner. Id. at 15 – 17. Third, Petitioner was offered the opportunity to call witnesses and present evidence, which he did. Id. Fourth, because Petitioner is not illiterate, nor did the complexity of the issue make it unlikely that Petitioner could collect and present the evidence necessary for an adequate comprehension of the case, he did not require the aid of a fellow prisoner or staff. Nonetheless, Petitioner was offered staff aid but waived his right to staff assistance. Id. at 10. Finally, the DHO was an impartial factfinder, who was not the staff member who authored the Incident Report. Rather, the incident report was authored by Felix Aviles, who testified before the DHO. ECF No. 17-3 at 12, 15 – 17.

The results of a prison disciplinary proceeding will be upheld so long as there is "some evidentiary basis" to support the decision. Superintendent v. Hill, 472 U.S. 445, 455. (1985) ("due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Id. at 457). To determine whether this standard is satisfied:

> Does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is

> whether there is any evidence in the record that could support the conclusion reached . . . .

Id. at 455 - 56.  In this case, the Disciplinary Hearing Officer found Petitioner guilty of stealing, in violation of Prohibited Act Code § 219.  The reasons listed by the DHO for his finding include the statement of the reporting staff member in the Incident Report and the motive of the Petitioner to lie.  This Court finds that the evidentiary requirement standard enunciated in Superintendent v. Hill, supra, was met as there is "some evidentiary basis" to support the DHO's findings, was met.  Therefore, the undersigned finds that the Disciplinary Hearing Officer's decision is supported by some evidence and that the Petition as a whole should be denied.

Respondent filed a motion to dismiss, or, alternatively, for summary judgment.  Pursuant to Wolff v. McDonnell, supra, the claims of Petitioner regarding the alleged unconstitutionality of his disciplinary proceedings are appropriately raised in his § 2241 complaint.  Pursuant to Republican Party of North Carolina v. Martin, supra, a motion to dismiss "tests the sufficiency of a complaint" but "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  It appears to the Court that the petition, when construed liberally, could prove some set of facts in support of Petitioner's claim which would entitle him to relief.  Accordingly, it appears that the Petition is not appropriate for dismissal under Rule of Civil Procedure 12(b)(6).

However, the Petition does appear appropriate for summary judgment.  Consistent with the holding of Celotex Corp. v. Catrett, supra, the movant has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Although Petitioner has asserted that his due process rights were violated during the disciplinary hearing process, because video evidence of the incident was not

preserved, Petitioner has failed to meet his burden to produce specific facts which show the existence of a genuine issue for trial in response to the Respondent's properly supported motion for summary judgment.

Pursuant to the holding of Superintendent v. Hill, supra, the results of a prison disciplinary proceeding will be upheld so long as there is "some evidentiary basis" to support the decision. This Court finds that there is some evidentiary basis to support the decision of the DHO. Accordingly, even when viewing all the evidence in the light most favorable to the nonmoving party, it appears that the Respondent is entitled to judgment as a matter of law.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

This Court also **RECOMMENDS** that Respondent's "Motion to Dismiss, or, Alternatively, for Summary Judgment" [ECF No. 17] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:**     May 16, 2019

/s/ Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE