# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**KEVIN MCWILLIAMS,**

    Petitioner,

**v.**                                            **CIVIL ACTION NO.: 3:18-CV-127 (GROH)**

**JENNIFER SAAD,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 27. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on May 16, 2019. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed with prejudice.

## I. BACKGROUND

Upon review of the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. The Court incorporates those facts herein. However, outlined below are the most relevant facts of this case.

On August 26, 2017, the cook supervisor at FCI Gilmer reported that the Petitioner reached over the counter in the food service area and stole a Danish during the breakfast meal. The Petitioner was charged in an incident report with stealing and being

unsanitary, in violation of Prohibited Act codes §§ 219, 316.  On August 27, 2017, the Petitioner received written notice of the charges.  The Petitioner denied the allegation and argued that a review of the recording would show the food service worker handed him the Danish.  On August 29, 2017, a "Notice of Discipline Hearing Before the (DHO)" was issued to the Petitioner, who signed and dated the document.  The Petitioner waived his right to staff representation for the hearing, but indicated he intended to call a witness.  The same day, the Petitioner received and acknowledged a document informing him of his rights at the hearing.

On September 12, 2017, the disciplinary hearing was held.  At the hearing, the Petitioner again denied taking the Danish and stated that an inmate handed him the Danish.  Inmate Hardy appeared as a witness for the Petitioner and stated he gave the Petitioner the Danish and it was a part of his meal he had not eaten.  The Petitioner expressed that the video recording should be reviewed to show he did not steal the Danish.  The Discipline Hearing Officer stated that he was unable to retrieve the recording because it was only saved until August 30, 2017.  The Discipline Hearing Officer found the Petitioner committed the prohibited act of stealing and sanctioned the Petitioner with the disallowance of twenty-seven days of Good Conduct Time.  In making his finding, the Discipline Hearing Officer considered all the evidence, but found the reporting officer's eyewitness account of the incident more credible.

On August 10, 2018, the Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241.  In his petition, the Petitioner asserts two grounds for relief.  In ground one, the Petitioner asserts that the Discipline Hearing Officer failed to adhere to the Federal Bureau of Prisons' policy by destroying the video evidence prior to the completion

of the disciplinary process. The Petitioner argues that the destruction of the evidence violated his due process rights. In ground two, the Petitioner asserts that the denial of his appeal was in complete error. The Petitioner seeks to have the incident report expunged and to be credited 496 Trulincs to compensate the 60 days he was denied use of his MP3 player. He further seeks to recover the 27 days of Good Conduct Time.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Petitioner by certified mail on May 16, 2019. ECF No. 27. The Petitioner accepted service on May 20, 2019. ECF No. 28. The Petitioner filed objections on June 5, 2019. ECF No. 29. Having timely filed his objections, this Court will review the Petitioner's objections to the R&R *de novo*. The Court will review the remainder of the R&R for clear error.

## III. DISCUSSION

In his R&R, Magistrate Judge Trumble recommends that the § 2241 petition be dismissed with prejudice because the Petitioner has not shown there is a genuine issue of fact for trial. Specifically, Magistrate Judge Trumble found the Petitioner was provided all the due process required for a disciplinary proceeding. It is clear the Petitioner was informed of his due process rights prior to the hearing and acknowledged his rights. Further, the Petitioner received notice of the charges more than twenty-four hours prior to the disciplinary hearing, he was given the specific evidence relied on to support the findings, he was permitted to present evidence at the hearing, he was offered staff representation and the Discipline Hearing Officer was an impartial factfinder.

Further, Magistrate Judge Trumble found that there is some evidentiary basis to support the Discipline Hearing Officer's decision. Specifically, "[t]he reasons listed by the [Discipline Hearing Officer] for his finding include the statement of the reporting staff member in the Incident Report and the motive of the Petitioner to lie." ECF No. 27 at 13.

In the Petitioner's objections, he argues that while Magistrate Judge Trumble has stated the Federal Bureau of Prisons' policy, this is not the policy he is alleging was violated. The Petitioner further states that "the video being destroyed was a violation of F.B.O.P. policy." ECF No. 29 at 2. The Petitioner's argument is the same argument he set forth in his petition. Magistrate Judge Trumble considered the Petitioner's argument when finding that the Petitioner's due process rights had not been violated and concluding that there is some evidentiary basis to support the Discipline Hearing Officer's decision.

> [T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. . . . Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility

4

of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). While the video recording of the incident may have further assisted the Discipline Hearing Officer in making his decision, the failure to preserve the recording does not amount to a violation of the Petitioner's due process rights. The Discipline Hearing Officer considered the Petitioner's denial of stealing the Danish and the witness testimony of inmate Hardy saying he gave the Petitioner the Danish. However, the Discipline Hearing Officer gave greater weight to the reporting staff member's account of the incident. The Petitioner's objections are without merit and are hereby **OVERRULED**.

### IV. CONCLUSION

Accordingly, upon careful review of the R&R and the Petitioner's objections, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 27] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE.** Further, the Respondent's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [ECF No. 17] is hereby **GRANTED.**

The Clerk is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** June 18, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE